UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
)
BELMONT HOMES, INCORPORATED ) Chapter 7 (Converted 11/27/07)
) No. 07 B 18953
Debtor )
) Honorable A. Benjamin Goldgar
)

## MOTION TO COMPEL COMPLIANCE
## WITH COURT ORDERS DIRECTING FILING OF FINAL REPORT
## AND FOR SANCTIONS FOR VIOLATION OF SAID ORDERS

Morgante Wilson Architects, Ltd. ("MWA"), a creditor in the above-referenced case, through its undersigned counsel, hereby moves for an Order (a) compelling Belmont Homes, Incorporated ("Debtor") to comply with this Court's Orders directing the filing of reports in connection with the conversion of this case from one under chapter 11 to one under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") and (b) assessing sanctions for violation of such Orders. In support of this Motion, MWA respectfully represents:

### Case Background

1. On October 15, 2007, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On November 6, 2007, the Debtor filed a motion to convert this case to one under chapter 11 of the Bankruptcy Code.

3. On November 27, 2007, this Court entered an order converting this case to one under chapter 7 of the Bankruptcy Code.

4. John Gierum was appointed chapter 7 trustee in this case.

5. This case was originally assigned to the Honorable Susan Pierson Sonderby with matters heard in Chicago, Illinois.

6. On April 24, 2008, an order was entered reassigning this case to the Honorable A. Benjamin Goldgar with all future matters to be in Waukegan, Illinois.

### Jurisdiction and Venue

7. This Court has jurisdiction over the instant motion pursuant to sections 157 and 1334 of the Code and the "Standing Order of Referral of Cases to Bankruptcy Judges" entered by the United States District Court for the Northern District of Illinois.

8. Venue is proper before this Court based on the Debtor's representation in the Petition that he is domiciled in the Northern District of Illinois.

9. The statutory predicates for the relief requested are Federal Rule of Bankruptcy Procedure 9001 and Section 105 of the Bankruptcy Code.

### The Violated Orders

10. On November 27, 2007, this Court entered an Order Converting Case Under Chapter 11 to Case Under Chapter 7 which required the Debtor to file (a) by December 17, 2007, a schedule of all unpaid debts incurred after the commencement of the Chapter 11 case (including the names and addresses of all creditors) as required by Fed. R. Bankr. P. 1019(5); and (b) by January 2, 2008, a final report and account as required by Fed R. Bankr. P. 1019(5). A copy of this order is attached hereto as Exhibit A.

11. The Debtor failed to comply with the deadlines, rather, on the later of the two deadlines counsel for the Debtor filed a motion requesting an extension of time as to the filing requirement for a final report and account.

- 2 -

12. On January 22, 2008, this Court entered an order giving the Debtor until February 28, 2008 to file the final report and account. No extension was requested or granted of the time to file the schedule of unpaid post-petition debts. A copy of this order is attached hereto as Exhibit B. The two orders are referred to herein as the "Conversion Orders".

13. As of the date of this Motion, the Debtor has not filed its schedule of unpaid post-petition debts or its final report and account, therefore, Debtor is in violation of the Conversion Orders.

### Relief Requested

14. MWA requests this Court enter an order compelling the Debtor to comply with the Conversion Orders and assessing monetary damages for Debtor's violation of the Conversion Orders. MWA further requests this Court grant such other relief as is just and proper.

### Reasons For The Relief Requested

15. Debtor is in violation of the Conversion Orders.

16. Debtor has demonstrated no good reason why it has not complied with the Conversion Orders.

17. Debtor's actions are preventing the administration of this case and are having a negative impact on creditors in related bankruptcy cases including In re John Eugene Belmont (case number 08-01500) and In re John Belmont Associates, Inc. (case number 07-05453).

18. Debtor has by its his conduct caused MWA to incur additional costs, including attorney fees, in order to bring this action to compel Debtor to do what this Court has already ordered by the Conversion Orders.

WHEREFORE, MWA requests that this Court enter an order in substantially the form of Exhibit C hereto and grant such other and further relief as may be just and proper.

Dated: May 2, 2008
      Chicago, Illinois

Respectfully submitted,

B. LANE HASLER, P.C.

By: *[signature]*

B. Lane Hasler, Esq.
1530 South State Street
Suite 17A
Chicago, Illinois 60605
(312) 984-6943

- 4 -

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| BELMONT HOMES, INC., | ) | CASE NO. 07 B 18953 |
| | ) | |
| DEBTOR. | ) | JUDGE SUSAN PIERSON SONDERBY |
| | ) | |

## ORDER CONVERTING CASE UNDER CHAPTER 11
## TO CASE UNDER CHAPTER 7

The United States Trustee shall serve copies of this order on the Designated Person named in paragraph 3 below, and all professionals known to him who performed services in connection with the Chapter 11 case and shall file a proof of such service.

This case is before the court on the Debtor's motion under 11 U.S.C. § 1112(a) to convert this Chapter 11 case to a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. After notice limited to that given and a hearing, the Court orders as follows:

1. This case is converted to a case under Chapter 7.

2. The Debtor shall,

   a. Forthwith account for and turn over to the Chapter 7 Trustee all records and property of the estate under their custody and control as required by Fed. R. Bankr. P. 1019(4);

   b. On or before December 17, 2007, file a schedule of all unpaid debts incurred after the commencement of the Chapter 11 case (including the names and addresses of all creditors) as required by Fed. R. Bankr. P. 1019(5);

   c. On or before January 2, 2008, file a final report and account as required by Fed. R. Bankr. P. 1019(5); and

   d. Within 15 days after the entry of this order, file the statements and schedules required by Fed. R. Bankr. P. 1019(1) and 1007(b), if such documents have not already been filed.

3. Pursuant to Fed. R. Bankr. P. 9001(5), the court designates John Belmont ("Designated Person") to perform the acts of the Debtor.

4. This matter is set for a status hearing on February 5, 2008 at 10:30 AM in Courtroom No. 642 of the Everett McKinley Dirksen Federal Court House, 219 South Dearborn Street, Chicago, Illinois. At that hearing, the court will determine whether the Designated Person has complied with this order and, if not, consider such requests for further relief as may be required to secure compliance with this order.

DATED: NOV 27 2007

HONORABLE SUSAN PIERSON SONDERBY
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT B

07-18953:27,1:Motion to Extend Time:Proposed Order Entered: 1/2/2008 2:27:27 PM by:Gary Foley Page 1 of 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re  BELMONT HOMES, INC.,  )  Nos. 07 B 18953
                             )  Chapter ~~11~~ 7
                             )  Hon. Susan P. Sonderby
    Debtor.                  )  Hearing Date: ~~11/27/07~~ @ 10:00 am
                                              1/2/2008

## ORDER EXTENDING DEADLINE TO FILE A FINAL REPORT AND CONTINUING THE STATUS HEARING

This cause coming to be heard upon Motion of Belmont Homes, Inc., Debtor herein, to extend the deadline to file its final report, due notice having been given to all parties in interest and the Court being fully advised in the premises:

IT IS ORDERED that:

1. The Debtor shall file a final report and account as required by Fed. R. Bankr. P. 1019(5) by February 28, 2008.

2. The status of compliance hearing is continued to March 1█, 2008 at 10:30 a.m.

3. The Status hearing set for February 5, 2008 is Stricken and reset to March 11, 2008 at 10:30 a.m.

ENTER:

Dated: JAN ** 2008

BANKRUPTCY JUDGE

SHAW & FOLEY, LLC
33 North County Street
Suite 302
Waukegan, Illinois 60085
(847) 244-4696

EXHIBIT C

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                      )
                                            )
BELMONT HOMES, INCORPORATED                 )    Chapter 7 (Converted 11/27/07)
                                            )    No. 07 B 18953
    Debtor                                  )
                                            )    Honorable A. Benjamin Goldgar
                                            )

### ORDER COMPELLING COMPLIANCE WITH COURT ORDER DIRECTING FILING OF FINAL REPORT AND FOR SANCTIONS FOR VIOLATION OF SAID ORDER

Upon the Motion filed by Morgante Wilson Architects, Ltd. ("MWA") and sufficient cause appearing therefor, it is hereby

ORDERED that John Eugene Belmont, as President of Belmont Homes, Inc., the debtor in this case, shall fully comply with this Court's order, dated November 27, 2007 as extended by this Court's order, dated January 22, 2008 and shall on or before May 30, 2008 file

(a) a schedule of all unpaid debts incurred after the commencement of the Chapter 11 case (including the names and addresses of all creditors) as required by Fed. R. Bankr. P. 1019(5); and

(b) a final report and account as required by Fed R. Bankr. P. 1019(5); and it is

FURTHER ORDERED that Belmont Homes, Inc. shall reimburse MWA the fixed sum of $750 for the cost of bringing the Motion.

Dated: Waukegan, Illinois
       May __, 2008


_____
UNITED STATES BANKRUPTCY JUDGE